UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSENDO GONZALEZ, Jr., | No. 2:25–cv–02937–DAD-SCR |
| Plaintiffs, | ORDER |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC, et al., | |
| Defendants. | |

    Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court is Plaintiff's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). ECF No. 2. The Court will deny the motion and allow Plaintiff leave to file a renewed motion or pay the filing fee.

    The motion makes an insufficient showing to proceed in forma pauperis ("IFP"). The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted).

    Plaintiff states that his monthly income is zero. ECF No. 2 at 1-2. Plaintiff also lists that

1

he currently has $14,000 in his checking account. *Id.* at 2. Plaintiff has monthly expenses that total $1,350, which includes $100/month for recreation/entertainment and $150/month for new clothing. *Id.* at 4. Given that Plaintiff has $14,000 in the bank, it appears he is capable of paying the $405 filing fee for this matter. Additionally, Plaintiff's monthly expenses include amounts for recreation and entertainment. *See Kamau v. Ertifai*, 2025 WL 2373718, * 2 (D. Az. Aug. 14, 2025) ("Ultimately, although the disclosed monthly expenses are greater than the disclosed monthly income, it does not appear that all of the disclosed monthly expenses fall within the 'necessities of life' that justify IFP status."); *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").

Plaintiff's motion will therefore be denied. If Plaintiff's financial circumstances have substantially changed since the filing of the motion, or he believes he omitted necessary information, Plaintiff may file a renewed motion to proceed IFP. If he does so, Plaintiff shall take care to fully complete the form.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed IFP (ECF No. 2) is DENIED.
2. Plaintiff may file a renewed motion to proceed IFP that addresses the issues set forth herein within 21 days of the date of this Order.
3. Alternatively, Plaintiff may pay the filing fee.
4. If Plaintiff does not supplement the application or pay the filing fee within 21 days, the Court will recommend that this action be dismissed without prejudice.

IT IS SO ORDERED.

DATED: December 11, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE