UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSENDO GONZALEZ, Jr. | No.  2:25-cv-02937-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has filed a renewed motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing his income and expenses and averring an inability to pay the costs of this proceeding.  ECF No. 4.  The declaration also clarifies information from the original motion.  *Id.* at 6.  The motion to proceed IFP (ECF No. 4) will therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

## I.  SCREENING

### A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally

1

"frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

2

555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.      The Complaint

Plaintiff's complaint names as Defendants three credit reporting agencies: 1) Equifax Information Services, LLC; 2) Experian Information Solutions, LLC; and 3) TransUnion, LLC. ECF No. 1 at 1-2. Plaintiff alleges this Court has jurisdiction under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. *Id*. at 2. Plaintiff appears to allege that "Defendants" collectively reported inaccurate information, provided harmful reports, and failed to reinvestigate. *Id*. at 1.

The factual allegations portion of Plaintiff's complaint contains general allegations about the conduct of defendants. Plaintiff alleges they have had "major data breaches" and are "repeat offenders in litigation and regulatory enforcement actions. *Id.* at 2. Plaintiff references cases where TransUnion was allegedly found to be in violation of the FCRA. *Id.* Plaintiff claims that the FTC and CFPB ordered TransUnion to pay for inaccurate reporting. *Id.*

Plaintiff alleges that in September 2021, he issued dispute notices to the three Defendants via certified mail. *Id.* He alleges that Defendants "failed to correct inaccuracies, delete unauthorized accounts, or cure ongoing violations." *Id*.

Plaintiff claims he seeks "equitable enforcement," injunctions, and an accounting. *Id.* at 3. Plaintiff further states he requests an award of "equitable damages." *Id.*

C.      Analysis

Plaintiff's complaint does not comply with Rule 8 and fails to state a claim in that it pleads violation of the FCRA in conclusory fashion. Most of the allegations concern general

3

conduct of Defendants, or conduct in other cases.  Plaintiff's interactions with Defendants are not clearly alleged.  The only allegations specific to Plaintiff are that he informed Defendants of statutory violations in September 2021, and sent Defendants invoices of what Plaintiff believes he was owed.  These invoices are attached to the complaint as Exhibit B.  ECF No. 1 at 17-19.  The invoices allege that each Defendant violated 15 U.S.C. § 1681b(2).[1]  Plaintiff does not allege what information he believes was inaccurately reported, or which "unauthorized accounts" he believes should have been deleted.  Plaintiff alleges in entirely conclusory manner that Defendants "failed to reinvestigate disputes."

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  The FCRA regulates credit reporting agencies to guarantee that consumer information is assembled, evaluated, and disseminated with "fairness, impartiality, and a respect for the consumer's right to privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting 15 U.S.C. § 1681(a)(4)). The "FCRA imposes duties on the credit furnishers, which are the sources that provide information to credit reporting agencies, to ensure accurate credit reporting." *Arnold v. Bay Finance Co.*, 2023 WL 2088460 (E.D. Cal. Feb. 17, 2023).

In his "claims for relief" section of the complaint, Plaintiff states in conclusory fashion that Defendants failed to maintain accuracy, reinvestigate disputes, and prevent impermissible disclosures.  Section 1681s-2(b) "does create a cause of action for a consumer against a furnisher of credit information." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1058 (9th Cir. 2002).  A plaintiff may also bring a claim under § 1681i's reinvestigation provision.  However, the plaintiff must make a prima facie showing that an actual inaccuracy existed. *See Carvalho v. Equifax*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement.").  Plaintiff could also

---

[1] This citation appears to be missing something, as Section 1681b is followed by alphabetical paragraphs (e.g., (a), (b), (c), etc.), not numerical paragraphs.

4

potentially pursue a claim under § 1681e(b).  *See Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information.").

Plaintiff's complaint is not required to contain detailed factual allegations.  But in its current form, the complaint is too lacking in facts to state a plausible claim and to put Defendants on notice.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation omitted).  "A claim has facial plausibility when the plaintiff **pleads factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (emphasis added).  Plaintiff's complaint lacks such factual content regarding the alleged inaccuracies.

Further, Plaintiff's claims may be time-barred by the applicable statute of limitations.  The relevant date alleged in the complaint is September 17, 2021, and Plaintiff's Exhibits B and C appear to be from that same time period.  Under 15 U.S.C. § 1681p, a party must bring a claim under the FCRA within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability."  "The date on which liability arises depends on which provision allegedly was violated.  Under 15 U.S.C. § 1681e(b), liability arises when the consumer reporting agency issues an inaccurate consumer report.  Under 15 U.S.C. § 1681i, liability arises when the consumer reporting agency allegedly violates its duty under the FCRA to reinvestigate."  *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1097 (D. Ariz. 2003) (internal citation and quotation omitted); *see also Bjornson v. Equifax Info. Servs*., LLC, 2024 WL 4553804 (9th Cir. 2024) (affirming the district court's dismissal of FCRA claim as barred by two-year statute of limitations in § 1681p).

Plaintiff filed this action on October 10, 2025, more than four years after he notified Defendants of the alleged statutory violations.  Therefore, Plaintiff's claims appear to be untimely.

Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state

5

a claim on which relief may be granted.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff has not alleged sufficient factual content to state a claim.  However, Plaintiff could allege additional facts and thus leave to amend is not futile.  More specific factual allegations may reveal that not all of Plaintiff's claims are time-barred.  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants collectively violated the FCRA.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff may not merely allege violation of a statutory provision without alleging sufficient factual matter to state a claim to relief that is plausible on its face.  Plaintiff must also allege facts demonstrating that his claims were timely brought under 15 U.S.C. § 1681p, or that some tolling provision applies.

III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 4) is GRANTED.

2.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: January 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE