UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSENDO GONZALEZ, Jr.,

Plaintiff,

v.

EQUIFAX INFORMATIONSERVICES, et al.,

Defendants.

No.  2:25-cv-02937-DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Plaintiff's First Amended Complaint ("FAC") (ECF No. 6).  The Court has screened the FAC pursuant to 28 U.S.C. § 1915(e) and recommends the action be dismissed for failure to state a claim.

**I.      Background and Procedural History**

Plaintiff filed this action on October 10, 2025, and alleges he filed disputes with the three credit reporting agency Defendants in September 2021.  ECF No. 1 at 2.  The Court granted

1

Plaintiff's motion to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2).  ECF No. 5.  The Court found the complaint failed to comply with Rule 8 and failed to state a claim in that it pled violation of the Fair Credit Reporting Act in only a conclusory manner.  ECF No. 5 at 3-4.  The Court's order also raised the issue that Plaintiff's claims appeared to be time-barred, as they are alleged to have accrued in 2021, and Plaintiff did not file this action until more than four years later.  *Id*. at 5.  The Order advised that Plaintiff must plead sufficient factual content to support his claims.  *Id.*

The Court allowed leave to amend and told Plaintiff that if he chose to amend, he must address the issues set forth in the screening order.  *Id*. at 6-7.  Plaintiff timely filed a first amended complaint (FAC), which is now before the Court for screening pursuant to 28 U.S.C. § 1915(e).

**II.    Analysis**

Plaintiff's FAC does not cure the deficiencies set forth in the prior screening order.  The FAC is a mere two pages and is more conclusory than the original complaint.  ECF No. 6.  The allegations are now entirely conclusory, such as "Plaintiff is a victim"; "Defendants reported inaccurate and unauthorized accounts"; and "Defendants failed to reinvestigate."  *Id*. at 1.  The Claims for relief are each four- or five-word conclusory statements, such as: "Failure to reinvestigate disputes."  *Id*.  The complaint is devoid of factual assertions.  There are no facts supporting the who, what, when, or how of Plaintiff's assertions.

Plaintiff has removed all dates from the FAC, and has attached some exhibits, labeled as A and B.  However, the exhibits are not described or referenced in the FAC.  Exhibit A appears to be letters to Defendants, three of which are dated September 2021, which is in accord with the alleged reporting date from the original complaint.  The fourth letter is dated February 2022, and addressed to "whom it may concern" and described as a final notice.  ECF No. 6 at 7.

The Court recommends the action be dismissed for the reasons stated in the prior screening order.  ECF No. 5.  Plaintiff fails to plead sufficient factual content to state a claim. Plaintiff's FAC is not required to contain detailed factual allegations.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). Plaintiff's FAC is entirely lacking in factual content.

Additionally, Plaintiff's FAC does nothing to address the concern raised in the prior screening order that the claims are time-barred. The Court will therefore recommend dismissal of the FAC.

### III.    Leave to Amend

The Court has considered Plaintiff's pro se status and whether he should be granted leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). The Court has already allowed Plaintiff an opportunity to amend and finds that further leave to amend would be futile. The Court recommends denying further leave to amend. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

### IV.    Conclusion

**IT IS HEREBY RECOMMENDED that**:

1. Plaintiff's First Amended Complaint and this action be dismissed without further leave to amend; and

2. The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE